IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JAVIAN K. LAWRENCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11-cv-3414-JHH-TMP |
| ) | |
| ERIC H. HOLDER, Attorney General; ) | |
| JANET NAPOLITANO, Secretary of ) | |
| Homeland Security; PHIL MILLER, ) | |
| New Orleans Field Office Director of ) | |
| Immigration and Customs Enforcement, ) | |
| HASSELL SCOTT HART, Warden of the ) | |
| Etowah County Detention Center, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this action on August 3, 2012, recommending that the petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 be denied. In the petition, petitioner argues under the authority of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), that he is being held indefinitely in Immigration and Customs Enforcement (ICE) administrative detention and that he is due to be released because his removal from the United States is not likely to occur in the reasonably foreseeable future. The magistrate judge found that petitioner had not made the requisite *prima facie* showing for *Zadvydas* relief, and he recommended that the petition be denied and dismissed. Petitioner filed his objections to the report and recommendation on August 10, 2012.

Having now carefully reviewed and considered *de novo* the report and recommendation, the objections to it, and all other relevant material in the court file, the court finds that the petitioner's

objections are due to be and hereby are OVERRULED, and the report is ADOPTED and the recommendation is ACCEPTED.[1]

First, to the extent that the objections ask the court to review *whether* petitioner should be deported or granted some relief from deportation, the court has no jurisdiction. Once a final order of removal is entered by the Board of Immigration Appeals, as it has in this case, the only review is to the court of appeals, not the district court in *habeas*. Since the enactment of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (May 11, 2005), Congress eliminated *habeas* jurisdiction to review most immigration issues. *See,* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the immigration code]. *See Alvarez v. Immigration & Customs Enforcement*, 5:11-CV-375-MP-GRJ, 2011 WL 6888365 (N.D. Fla. Nov. 29, 2011) *report and recommendation adopted*, 5:11CV375-MP-GRJ, 2011 WL 6888107 (N.D. Fla. Dec. 29, 2011). As the court of appeals has explained:

> Habeas corpus relief in the district court is precluded insofar as the alien seeks review of a removal order. *See id.* Habeas corpus jurisdiction exists over a petition challenging the legality of an alien's detention, *see Madu v. U.S. Att'y Gen.* 470 F.3d 1362, 1366–67 (11th Cir.2006), but the alien cannot state a claim for habeas corpus relief arising from her allegedly illegal post-removal-order detention unless she can "show post-removal[-]order detention in excess of six months [and] ... good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 (11th Cir.2002).

---

[1] The court also notes that the magistrate judge's report and recommendation also denied several motions filed by petitioner and identified as docket numbers 14, 16, 19, 20, 21, 23, 30, 32, and 33. Insofar as petitioner challenges these rulings, they are affirmed on these motions are DENIED.

*Ivantchouk v. U.S. Atty. Gen.,* 417 F. App'x 918, 921 (11th Cir. 2011) *cert. denied,* ___ U.S. ___, 132 S. Ct. 777, 181 L. Ed. 2d 498 (U.S. 2011).

      Second, as a challenge to the extended detention in ICE custody awaiting actual removal, the court agrees with the magistrate judge that the petitioner has failed to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 (11th Cir.2002). Although it s true that he has been in ICE custody for well more than the six-month presumptive period for removal, it is also clear that the only reason Jamaica has delayed issuing travel papers for the petitioner to return to Jamaica is because of his pending litigation. Once all of that litigation comes to an end in the reasonably foreseeable future, there is no reason to believe that Jamaica will not issue the necessary travel papers. Jamaica has a history of issuing travel documents and cooperating in the repatriation of its citizens, and petitioner has pointed to nothing suggesting that same will not be true once his litigation ends in this court and the New York reviewing his sexual misconduct conviction. Regardless of the outcome of that review, there are several other convictions that make him removable.

      Thus, as petitioner's case stands today, the court cannot say there is no significant likelihood that he will be removed in the reasonably foreseeable future. In the event circumstances change in the future, petitioner can challenge his continued detention at that time in a new petition based on those new circumstances. At present, his continued detention in ICE custody does not violate due process. Because, at the present time, petitioner has not shown good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, the instant petition is due to be denied and dismissed. A separate order will be entered.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

**DONE** this the   13th   day of September, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE